FRANCIS TORRENCE (SBN 154653)
Email:    francis.torrence@wilsonelser.com
WILSON ELSER MOSKOWITZ
 EDELMAN AND DICKER LLP
525 Market Street, 17th Floor
San Francisco, CA 94105-2725
T: (415) 433-0990 | F: (415) 434-1370

Attorneys for Plaintiffs
Bank of America, N.A. and
Banc of America Capital & Leasing, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| **BANK OF AMERICA, N.A.**, a national banking association, and **BANC OF AMERICA LEASING & CAPITAL, LLC,** a Delaware limited liability company,<br><br>*Plaintiffs,*<br><br>v.<br><br>**BAY AREA HYDROVAC, LLC**, a California limited liability company; **BAY AREA CONCRETE, LLC,** a California limited liability company, **PMK CONTRACTORS LLC,** a California limited liability company, **PREET JOHAL**, a California resident, and **YADWINDER SINGH** a/k/a **KEVIN SINGH**, a California resident,<br><br>*Defendants.* | Case No.: _____<br><br><br>**VERIFIED COMPLAINT** |

Plaintiffs, BANK OF AMERICA, N.A. and BANC OF AMERICA

LEASING & CAPITAL, LLC, hereby complain and allege by way of this Verified

Complaint against defendants, BAY AREA HYDROVAC, LLC, BAY AREA

CONCRETE, LLC, PMK CONTRACTORS LLC, PREET JOHAL, and

YADWINDER SINGH a/k/a KEVIN SINGH as follows:

## **JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) in that the

1

VERIFIED COMPLAINT
256596631v.7

amount in controversy is in excess of $75,000, exclusive of interest and costs, and there is diversity between the parties.

2.      Venue is proper pursuant to 28 U.S.C. § 1391(a) in that the principal place of business and place of residence of defendants is located in the Northern District of California, specifically Alameda County.

## THE PARTIES

3.      Bank of America, N.A. (the "*BANA*") is a national banking association chartered under the laws of the United States of America with its main office and principal place of business located in Charlotte, North Carolina as designated in its Articles of Association, and as such, it is a citizen of the State of North Carolina for diversity jurisdiction purposes by virtue of 28 U.S.C. § 1348.

4.      Banc of America Leasing & Capital, LLC ("*BALC*" and, together with BANA, the "*Bank*") is a limited liability company formed under the laws of the State of Delaware, whose sole member, BANA, has its main office and principal place of business located in Charlotte, North Carolina as designated in its Articles of Association, and as such, BALC is a citizen of the State of North Carolina for diversity jurisdiction purposes by virtue of 28 U.S.C. § 1348.

5.      Upon information and belief, defendant Bay Area Hydrovac, LLC ("*Hydrovac*") is a California limited liability company, which conducts business within the State of California, with a principal place of business located at 24701 Clawiter Road, Hayward, CA 94545, and all of whose members are citizens of California for diversity jurisdiction.

6.      Upon information and belief, defendant Bay Area Concrete, LLC ("*Concrete*" and, together with Hydrovac, "*Borrowers*") is a California limited liability company, which conducts business within the State of California, with a principal place of business located at 24701 Clawiter Road, Hayward, CA 94545, and all of whose members are citizens of California for diversity jurisdiction.

7.      Upon information and belief, defendant PMK Contractors LLC

2

("***PMK***") is a California limited liability company, which conducts business within the State of California, with a principal place of business located at 24701 Clawiter Road, Hayward, CA 94545, and all of whose members are citizens of California for diversity jurisdiction.

8.      Upon information and belief, defendant Preet Johal ("***Johal***") is and, at all relevant times, was a natural person who is a citizen of the State of California, whose last known address is 109 Castlewood Drive, Pleasanton, CA 94566, and who maintains a business office c/o S & A Investment Holdings, LLC, 24701 Clawiter Road, Hayward, CA 94545.

9.      Upon information and belief, defendant Yadwinder Singh a/k/a Kevin Singh ("***Singh***" and, together with Borrowers, PMK and Johal, collectively "***Obligors***") is and, at all relevant times, was a natural person who is a citizen of the State of California, whose last known address is 109 Castlewood Drive, Pleasanton, CA 94566, and who maintains a business office c/o Amijot Trucking, LLC, 24701 Clawiter Road, Hayward, CA 94545.

## NATURE OF THE ACTION

10.      This is an action by the Bank as a commercial lender (a) to enforce its rights in connection with a certain loan agreement and guaranty agreements between the Bank and the Obligors, pursuant to which the Bank extended an equipment loan to Hydrovac in the original principal amount of $2,675,000.00, as to which the principal sum of $2,063,300.52 (as of July 23, 2021) remains unpaid and due, and (iii) an equipment loan to Concrete in the original principal amount of $1,307,807.00, as to which the principal sum of $1,008,746.82 (as of July 23, 2021) remains unpaid and due; and (b) to enforce the Bank's rights in connection with certain personal property owned by Hydrovac and Concrete

## FACTUAL ALLEGATIONS

### The Equipment Loan

11.      On or about November 7, 2019, BANA, Hydrovac and Concrete

3

VERIFIED COMPLAINT
256596631v.7

entered into certain Master Loan and Security Agreement Number 49261-70000 and Addendum to Master Loan and Security Agreement No. 49261-70000, each dated November 7, 2019 (as amended, supplemented, restated, extended and/or renewed, the "*Equipment Loan Agreement*"), and certain related equipment security notes, pursuant to which BALC made certain term loans to Hydrovac and Concrete (the "*Equipment Loan*").  (A true and correct copy of the Equipment Loan Agreement is attached hereto as **Exhibit "1"**.)

12.    Pursuant to the Equipment Loan Agreement there is due and owing to the Bank (a) the principal sum of $3,072,047.34 (as of July 23, 2021), (b) all contract interest which has accrued and not been paid, (c) all default interest which has accrued and not been paid, (d) all attorneys' fees and costs which have accrued and not been paid, and (e) all other fees and charges due and payable to the Bank pursuant to the Equipment Loan Agreement and any related agreements, which have accrued and not been paid (collectively, together with all contract interest, default interest, attorneys' fees and costs, and other fees and charges accruing but not paid during the prosecution of this action the "*Equipment Loan Indebtedness*").

**The Equipment Security Notes and Equipment Collateral**.

13.    The 2019 Equipment Loan is further evidenced by that certain Amended and Restated Equipment Security Note Number 001 ("*Equipment Note No. 1*") between Hydrovac and BALC, and that certain Amended and Restated Equipment Security Note Number 002 ("*Equipment Note No. 2*" and, together with Equipment Note No. 1, the "*Equipment Notes*") between Concrete and BALC.  (True and correct copies of the Equipment Notes are annexed hereto as **Exhibit "2"** (Equipment Note No. 1) and **Exhibit "3"** (Equipment Note No. 2).)

14.    The Equipment Notes were to be secured by certain motor vehicles owned by Hydrovac and Concrete.

15.    Pursuant to Equipment Note No. 1, Hydrovac granted the Bank a

4

security interest in the following vehicles:

| _Description_ | _Vehicle Identification/Serial Number_ |
| --- | --- |
| 2017 Peterbilt Tri Drive 367 | 1NPTX4TX3HD415383 |
| 2020 Peterbilt Tri Drive 367 | 1NPTX4EX7LD651539 |
| 2020 Peterbilt Tri Drive 367 | 1NPTX4EX3LD651540 |
| 2020 Peterbilt Tri Drive 367 | 1NPTX4EXXLD651535 |
| 2020 Peterbilt Tri Drive 367 | 1NPTX4EX1LD651536 |
| 2020 Peterbilt Tri Drive 367 | 1NPTX4EX3LD651537 |

(collectively, the "*Hydrovac Vehicles*").  (Note No. 1, Exh. 2 at § 1 and Exhibit A.)

16.     Pursuant to Equipment Note No. 2, Concrete granted the Bank a security interest in the following Vehicles:

| _Description_ | _Vehicle Identification/Serial Number_ |
| --- | --- |
| 2017 Kenworth T880 Tri Drive | 1NKDX4EX7HJ986321 |
| 2020 Peterbilt Tri Drive 367 | 1NPTX4EX5LD651538 |
| with 2019 Tornado Global | NB31526 |
| Trailer associated with Caterpillar XQ570 Power Module CAT18 Industrial Enginer 500KW Standby (Serial No. MW/500187) | 5JSYC2025LPP18668 |

(collectively, the "*Concrete Vehicles*" and, together with the Hydrovac Vehicles, the "*Vehicles*").  (Note No. 2, Exh. 3 at § 1 and Exhibit A.)

17.     The Equipment Loan Agreement, which is incorporated into each of the Equipment Notes, also granted the Bank a security interest the follow collateral (together with the Vehicles, the "*Collateral*"):

(i) all parts, attachments, accessories and accessions to, substitutions, and replacements for, each item of Equipment; (ii) all accounts, chattel paper, and general intangibles arising from or related to any sale, lease, rental or other disposition of any Equipment to third parties, or otherwise resulting from the possession, use or operation of any Equipment by third parties, including instruments, investment property, deposit accounts, letter of credit rights, and supporting obligations arising thereunder or in connection therewith; (iii) all insurance, warranty and other claims against third parties with respect to any Equipment; (iv) all software and  other intellectual property rights used in connection therewith; (v) proceeds of all of the foregoing, including insurance proceeds and any proceeds in the form of goods, accounts, chattel paper, documents, instruments, general intangibles, investment property, deposit accounts, letter of credit rights and supporting obligations; and (vi) all books and records regarding the foregoing, in each case, now existing or hereafter arising ….

(Equipment Loan Agreement, Exh. 1 at § 1).

VERIFIED COMPLAINT
256596631v.7

18.     To secure its interests in certain of the Collateral, and in order to notify others of its interests in and to that Collateral, the Bank filed a UCC-1 Financing Statements with the Secretary of State, State of California (the "***CA Recording Office***") on January 13, 2020, under File No. 207756732433 (the "***Financing Statement***").  (A true and correct copy of the Financing Statement is annexed hereto as **Exhibit "4"**.)

**<u>The Equipment Loan Guaranties</u>**

19.     As additional security for the repayment of the Equipment Loan Indebtedness, PMK, Johal and Singh (collectively, the "***Equipment Loan Guarantors***") each executed and delivered to the Bank a Guaranty of the obligations under the Equipment Loan and the Equipment Notes (each an "***Equipment Loan Guaranty***" and collectively the "***Equipment Loan Guaranties***"), pursuant to which the Equipment Loan Guarantors jointly and severally, absolutely and unconditionally, guaranteed the payment of any and the Equipment Loan Indebtedness to the Bank when due, including any and all advances, debts, obligations and liabilities, plus any reasonable attorneys' fees and costs incurred by the Bank in the enforcement of the Guaranty.  (True and correct copy of each of the Equipment Loan Guaranties are annexed hereto as **Exhibit "5"**.)

20.     Pursuant to the terms of the Equipment Loan Guaranties, the Equipment Loan Guarantors waived certain rights and defenses, which included, without limitation, any right to require the Bank to proceed against Hydrovac and Concrete, or to proceed against or exhaust any security for the indebtedness of Hydrovac and Concrete, or to pursue any other remedy in the Bank's power whatsoever; any right to notice of the execution, delivery or acceptance of the Equipment Loan Guaranty, any extension or modification of any credit extended; any right to notice of any demand, presentation, protest or diligence; any rights of subrogation, reimbursement, indemnification, setoff of contribution and any defenses under suretyship principles.  (Equipment Loan Guaranties, Exh. 5 at § 4.)

VERIFIED COMPLAINT
256596631v.7

21.    The Equipment Loan Agreement, Equipment Notes, Equipment Loan Guaranties and other documents related to the Equipment Loan shall be collectively referred to as the "***Equipment Loan Documents***".

22.    The Bank is the present direct or indirect holder of the Equipment Loan Documents.

**The Defaults under the Equipment Loan Agreement and Equipment Notes**

23.    Each of the Equipment Notes specifically requires the applicable borrower (Hydrovac as to Equipment Note No. 1 and Concrete as to Equipment Note No. 2) to properly title the Vehicles and the Bank's lien and to provide the original titles to the Bank:

> All items of Equipment that are motor vehicles shall at all times be registered and titled as follows:    (A) Registered Owner: [Hydrovac/Concrete] …. (B) Lienholder:  Banc of America Leasing & Capital LLC ….

(Equipment Notes, Exh. 2 & 3 at ¶ 5, p. 2);

> Borrower [Hydrovac/Concrete] shall be responsible for the correct titling of all such Equipment.  Borrower shall cause the original certificates of title to be delivered to Lender for retention in Lender's files until all Obligations owing under or in connection with this Equipment Note have been paid or performed in full.

(Equipment Notes, Exh. 2 & 3 at p. 3).

24.    Despite the terms of the Equipment Notes, Hydrovac and Concrete failed to provide copies of the titles to the Vehicles to the Bank and failed to reflect on the titles to the Vehicles that the Bank was the lienholder.

25.    By letter dated January 22, 2021 (the "***Default and Cure Letter***"), the Bank notified Hydrovac, Concrete and the Equipment Loan Guarantors (collectively, the "***Obligors***") that Hydrovac and Concrete had failed to provide titles to the Vehicles to the Bank and failed to reflect the Bank as lienholder on the titles to the Vehicles.  (A true and correct copy of the Default and Cure Letter is annexed hereto as **Exhibit "6"**.)

26.    The Equipment Loan Agreement provides (and the Default and Cure Letter further advised the Obligors) that Hydrovac and Concrete had thirty (30)

VERIFIED COMPLAINT
256596631v.7

days from the date of the Default and Cure Letter to provide the original titles to the Vehicles and authorization to record the Bank's lien on the titles to the Vehicles.  (Equipment Loan Agreement, Exh. 1 at § 10(3); Default and Cure Letter, Exh. 6, at pp. 2-3.)

27.    Despite the Default and Cure Letter, Hydrovac and Concrete failed to provide the Bank with the original titles to the Vehicles and authorization to record the Bank's lien on the titles to the Vehicles on or before February 25, 2021.

28.    Hydrovac's failure to provide the original titles to the Hydrovac Vehicles and to authorize the Bank to record its lien on the title to the Hydrovac Vehicles on or before February 25, 2021, constitutes an Event of Default under the Equipment Loan Agreement and Note No. 1 (the "***Note No. 1 Default***"). (Equipment Loan Agreement, Exh. 1 at § 10(3).)

29.    Concrete's failure to provide the original titles to the Concrete Vehicles and to authorize the Bank to record its lien on the title to the Concrete Vehicles on or before February 25, 2021, constitutes an Event of Default under the Equipment Loan Agreement and Note No. 2 (the "***Note No. 2 Default***"). (Equipment Loan Agreement, Exh. 1 at § 10(3).)

30.    Pursuant to the Equipment Loan Agreement, upon the occurrence of any default under the Equipment Loan Agreement or the Equipment Notes, the Bank, at its option, may accelerate and demand immediate payment of any Equipment Notes and any Prepayment Amount due pursuant to any Equipment Notes.  (Equipment Loan Agreement, Exh. 1 at § 11(a)(1).)

31.    In addition, pursuant to the Equipment Loan Agreement, upon the occurrence of any default under the Equipment Loan Agreement or the Equipment Notes, the Bank, at its option, may charge default interest of 15% per annum or the highest amount permitted by applicable law.  (Equipment Loan Agreement, Exh. 1 at § 11.)

32.    Accordingly, based upon the Note No. 1 Default and the Note No. 2

8

Default, by letter from its counsel sent on February 25, 2021, the Bank accelerated the Equipment Loan and demanded payment in full of the Equipment Loan within ten (10) days (the "***Equipment Loan Default and Acceleration Letter***").  (A true and correct copy of the Equipment Loan Default and Acceleration Letter is annexed as **Exhibit "7"**.)

33.     Despite written notice and demand for payment of the sums due to the Bank pursuant to the Equipment Loan Agreement, none of the Obligors, including Johal and Singh, have paid the full Equipment Loan Indebtedness to the Bank (the "***Payment Default***" and, together with the Note No. 1 Default and the Note No. 2 Default, the "***Equipment Loan Defaults***").

## FIRST CLAIM

### *(Breach of Contract - Equipment Note No. 1 – Hydrovac)*

34.     The Bank refers to and re-alleges each of the foregoing allegations of this Verified Complaint as if more fully set forth herein.

35.     As set forth above, Hydrovac defaulted under the terms of the Equipment Loan Agreement and Equipment Note No. 1.

36.     As a result of the Note No. 1 Default and the Payment Default, the Bank is entitled to immediate payment in full of all sums due under Equipment Note No. 1 and the Equipment Loan Agreement.

37.     The Bank has performed all of its obligations under the Equipment Loan Documents.

38.     The Equipment Loan Agreement provides that in the event of a default thereunder, Hydrovac would be liable for all legal fees, costs and expenses incurred by the Bank in connection with the enforcement of its remedies against Hydrovac. (Equipment Loan Agreement, Exh. 1 at § 11(6).)

39.     There is due and owing to the Bank pursuant to the Equipment Loan Agreement the principal sum of $2,063,300.52 due on Equipment Note No. 1 (as of July 23, 2021), plus accrued and accruing interest, default rate interest, late charges,

VERIFIED COMPLAINT
256596631v.7

contractual costs, attorneys' fees and all other charges due to the Bank under the Equipment Loan Documents.

40.     Accordingly, the Bank is entitled to a money judgment against Hydrovac in the principal sum of $2,063,300.52 due on Equipment Note No. 1 (as of July 23, 2021), plus accrued and accruing interest, default rate interest, late charges, contractual costs, attorneys' fees and all other charges due to the Bank under the Equipment Loan Documents.

## SECOND CLAIM

### (Breach of Contract – Equipment Note No. 2 - Concrete)

41.     The Bank refers to and re-alleges each of the foregoing allegations of this Verified Complaint as if more fully set forth herein.

42.     As set forth above, Concrete defaulted under the terms of the Equipment Loan Agreement and Equipment Note No. 2.

43.     As a result of the Note No. 2 Default and the Payment Default, the Bank is entitled to immediate payment in full of all sums due under Equipment Note No. 2 and the Equipment Loan Agreement.

44.     The Bank has performed all of its obligations under the Equipment Loan Documents.

45.     The Equipment Loan Agreement provides that in the event of a default thereunder, Concrete would be liable for all legal fees, costs and expenses incurred by the Bank in connection with the enforcement of its remedies against Concrete. (Equipment Loan Agreement, Exh. 1 at § 11(6).)

46.     There is due and owing to the Bank pursuant to the Equipment Loan Agreement the principal sum of $1,008,746.82 due on Equipment Note No. 2 (as of July 23, 2021), plus accrued and accruing interest, default rate interest, late charges, contractual costs, attorneys' fees and all other charges due to the Bank under the Equipment Loan Documents.

47.     Accordingly, the Bank is entitled to a money judgment against Concrete

in the principal sum of $1,008,746.82 due on Equipment Note No. 2 (as of July 23, 2021), plus accrued and accruing interest, default rate interest, late charges, contractual costs, attorneys' fees and all other charges due to the Bank under the Equipment Loan Documents.

## THIRD CLAIM

### (*Foreclosure of Security Interest – Hydrovac and Concrete*)

48.     The Bank refers to and re-alleges each of the foregoing allegations of this Verified Complaint as if more fully set forth herein.

49.     As a result of the Equipment Loan Defaults, the Bank is entitled to, *inter alia*: (a) take possession of the Collateral; (b) require the Obligors to assemble the Collateral and make same available to the Bank at a place designated by the Bank; and/or, (c) dispose of the Collateral by selling or leasing same, and apply the proceeds thereof to the obligations of Hydrovac and Concrete to the Bank under the Equipment Notes.

50.     Accordingly, the Bank is entitled to a judgment foreclosing upon its security interest in the Collateral, awarding to the Bank immediate possession of the Collateral, and permitting the Bank to dispose of same and apply the proceeds thereof to the obligations and liabilities of Hydrovac and Concrete in accordance with Article Nine of the Uniform Commercial Code as enacted in California, Cal. U Com Code §§9101 *et seq.* (the "*UCC*").

## FOURTH CLAIM

### (*Conversion – Hydrovac and Concrete*)

51.     The Bank refers to and re-alleges each of the foregoing allegations of this Verified Complaint as if more fully set forth herein.

52.     As set forth above, Hydrovac and Concrete have defaulted under the Equipment Loan Agreement, have failed to make payment to the Bank of the sums due to it, and have refused, and continue to refuse, to deliver possession of the Collateral to the Bank.

53.     Upon information and belief, Hydrovac and Concrete have continued to use the Collateral in their business despite the Equipment Loan Defaults, despite their obligation to return the Collateral, and despite the Obligors' failure to make payment to the Bank therefor.

54.     The Collateral have been intentionally and wrongfully converted and detained by Hydrovac and Concrete.

55.     As a result of the failure of Hydrovac and Concrete to surrender the Collateral and their continued illegal usage and wrongful conversion of the Collateral, the Bank has suffered damages in an amount to be determined at trial.

56.     Accordingly, the Bank is entitled to a judgment requiring Hydrovac and Concrete to surrender the Collateral and to a money judgment against Hydrovac and Concrete in an amount to be determined at trial.

## FIFTH CLAIM

### (*Unjust Enrichment – Hydrovac and Concrete*)

57.     The Bank refers to and re-alleges each of the foregoing allegations of this Verified Complaint as if more fully set forth herein.

58.     Upon information and belief, Hydrovac and Concrete continued to use the Collateral in their businesses despite the Equipment Loan Defaults and their lack of any right to possess or use same.

59.     Upon information and belief, Hydrovac and Concrete have realized revenues from their illegal possession and use of the Collateral, and have been unjustly enriched in the amount of the value of the Collateral and any income Hydrovac and Concrete realized or received due to their illegal possession of same.

60.     Accordingly, the Bank is entitled to a money judgment against Hydrovac and Concrete in an amount to be determined at trial.

## SIXTH CLAIM

### (*Breach of Guaranty – PMK*)

61.     The Bank refers to and re-alleges each of the foregoing allegations

12

VERIFIED COMPLAINT
256596631v.7

of this Verified Complaint as if more fully set forth herein.

62.    As set forth above, Hydrovac and Concrete have defaulted under the Equipment Loan Agreement and the Equipment Notes.

63.    As a result of Hydrovac's and Concrete's defaults under the Equipment Loan Agreement and the Equipment Notes, PMK is liable to the Bank for the Equipment Loan Indebtedness pursuant to the terms of its Equipment Loan Guaranty, but has failed to make payment to the Bank therefor.

64.    The Bank reasonably relied upon PMK's Equipment Loan Guaranty in advancing sums to Hydrovac and Concrete pursuant to the Equipment Loan Agreement and the Equipment Notes.

65.    The Bank has performed all terms and conditions precedent on its part to be performed pursuant to the terms of PMK's Equipment Loan Guaranty.

66.    There is due and owing to the Bank from PMK pursuant to its Equipment Loan Guaranty, the principal sum of $3,072,047.34 (as of July 23, 2021), plus accrued and accruing interest and default rate interest, late charges, contractual costs, attorneys' fees and all other charges due to the Bank related to the Equipment Loan.

67.    Accordingly, the Bank is entitled to a money judgment against PMK in the principal sum of $3,072,047.34 (as of July 23, 2021), plus accrued and accruing interest and default rate interest, late charges, contractual costs, attorneys' fees and all other charges due to the Bank related to the Equipment Loan.

## SEVENTH CLAIM

### (Breach of Guaranty – Johal)

68.    The Bank refers to and re-alleges each of the foregoing allegations of this Verified Complaint as if more fully set forth herein.

69.    As set forth above, Hydrovac and Concrete have defaulted under the Equipment Loan Agreement and the Equipment Notes.

70.    As a result of Hydrovac's and Concrete's defaults under the

VERIFIED COMPLAINT
256596631v.7

Equipment Loan Agreement and the Equipment Notes, Johal is liable to the Bank for the Equipment Loan Indebtedness pursuant to the terms of her Equipment Loan Guaranty, but has failed to make payment to the Bank therefor.

71.     The Bank reasonably relied upon Johal's Equipment Loan Guaranty in advancing sums to Hydrovac and Concrete pursuant to the Equipment Loan Agreement and the Equipment Notes.

72.     The Bank has performed all terms and conditions precedent on its part to be performed pursuant to the terms of Johal's Equipment Loan Guaranty.

73.     There is due and owing to the Bank from Johal pursuant to her Equipment Loan Guaranty, the principal sum of $3,072,047.34 (as of July 23, 2021), plus accrued and accruing interest and default rate interest, late charges, contractual costs, attorneys' fees and all other charges due to the Bank related to the Equipment Loan.

74.     Accordingly, the Bank is entitled to a money judgment against Johal in the principal sum of $3,072,047.34 (as of July 23, 2021), plus accrued and accruing interest and default rate interest, late charges, contractual costs, attorneys' fees and all other charges due to the Bank related to the Equipment Loan.

## EIGHTH CLAIM

### *(Breach of Guaranty – Singh)*

75.     The Bank refers to and re-alleges each of the foregoing allegations of this Verified Complaint as if more fully set forth herein.

76.     As set forth above, Hydrovac and Concrete have defaulted under the Equipment Loan Agreement and the Equipment Notes.

77.     As a result of Hydrovac's and Concrete's defaults under the Equipment Loan Agreement and the Equipment Notes, Singh is liable to the Bank for the Equipment Loan Indebtedness pursuant to the terms of his Equipment Loan Guaranty, but has failed to make payment to the Bank therefor.

78.     The Bank reasonably relied upon Singh's Equipment Loan Guaranty

14

in advancing sums to Hydrovac and Concrete pursuant to the Equipment Loan Agreement and the Equipment Notes

79.     The Bank has performed all terms and conditions precedent on its part to be performed pursuant to the terms of Singh's Equipment Loan Guaranty.

80.     There is due and owing to the Bank from Singh pursuant to his Equipment Loan Guaranty, the principal sum of $3,072,047.34 (as of July 23, 2021), plus accrued and accruing interest and default rate interest, late charges, contractual costs, attorneys' fees and all other charges due to the Bank related to the Equipment Loan.

81.     Accordingly, the Bank is entitled to a money judgment against Singh in the principal sum of $3,072,047.34 (as of July 23, 2021), plus accrued and accruing interest and default rate interest, late charges, contractual costs, attorneys' fees and all other charges due to the Bank related to the Equipment Loan.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs Bank of America, N.A. and Banc of America Leasing & Capital, LLC pray that the Court enter judgment as follows:

A.     For entry of judgment against Hydrovac on the Equipment Loan Agreement and Equipment Note No. 1 in the amount established by Plaintiffs;

B.     For entry of judgment against Concrete on the Equipment Loan Agreement and Equipment Note No. 2 in the amount established by Plaintiffs;

C.     For entry of judgment against Hydrovac and Concrete foreclosing Plaintiff's interest in the Vehicles;

D.     For entry of judgment holding Hydrovac and Concrete liable for their unlawful conduct, including but not limited to their wrongful conversion and detention of the Vehicles and their unjust enrichment from the use of the Vehicles;

E.     For entry of judgment against PMK, Johal and Singh on the Equipment Loan Agreement, the Equipment Notes and the Guaranties in the amount established by Plaintiffs;

F.      For interest and default interest in accordance with the Equipment Loan Agreement and the Notes;

G.      For reasonable attorneys' fees and costs to the fullest extent available under law; and

H.      For such other and further relief as this Court deems just, proper, and equitable.

Dated: August 10, 2021                    RESPECTFULLY SUBMITTED,

WILSON ELSER MOSKOWITZ EDELMAN AND DICKER LLP

By:  */s/ Francis Torrence*
        FRANCIS TORRENCE
        *Attorneys for Plaintiff Bank of America, N.A.*
        *and Banc of America Leasing & Capital LLC*

16

VERIFIED COMPLAINT
256596631v.7

1

## **VERIFICATION**

2      RAYMOND E. RATLIFF, of full age, declares as follows:

3
4      1.    I am a Senior Vice President and SAG Portfolio Manager for Banc of
5   America Leasing & Capital LLC and Bank of America, N.A. (together, the "***Bank***"),
6   plaintiffs in this action. I am in charge of the loans to Bay Area Hydrovac, LLC and
7
8   Bay Area Concrete LLC (collectively "***Borrowers***") and fully familiar with the facts
9   of this case, and I am authorized to execute this Verification on behalf of the Bank.

10     2.    I have read the foregoing Verified Complaint and all the allegations
11
12  contained therein.  Except as to allegations alleged upon information and belief,
13  which allegations I believe to be true, all the allegations in the Verified Complaint
14  are true based on my personal knowledge, from public records, the records of the
15
16  Bank or information provided to the Bank by members, employees and agents of
17  Borrowers. If called on to testify, I would competently testify as to the matters stated
18  therein.

19
20     I declare under penalty of perjury, under the laws of the United States of
21  America, the State of California, and the State of Illinois, that the factual
22  statements made in this Verified Complaint are true and correct.  Executed at
23
24  Chicago, Illinois on August 10, 2021.

25
26  Raymond E. Ratliff
27  On behalf of Plaintiffs, *Bank of America, N.A. and Banc*
    *of America Leasing & Capital LLC*
28

---
17

VERIFIED COMPLAINT
256596631v.7